## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 98-cr-00460-MIDDLEBROOKS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KHALID A. SHALHOUB,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COUNSEL TO
## SPECIALLY APPEAR TO SEEK DISMISSAL OF THE INDICTMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Counsel to Specially Appear to Seek Dismissal of the Indictment ("Motion"), filed on November 16, 2015.  (DE 13). The Government responded on December 3, 2015 (DE 14), to which Defendant replied on December 14, 2015 (DE 15).

### I.    Background

On June 17, 1998, Defendant was indicted in the Southern District of Florida on a single count of parental kidnapping under 18 U.S.C § 1204.  (DE 1).  "The indictment alleges that [Defendant] 'with intent to obstruct the lawful exercise of parental rights of his former wife, Miriam Hernandez, did remove from the United States a child who had not attained the age of sixteen years and had been living in the United States, and did retain said child outside of the United States in Saudi Arabia.'"  (DE 13 at 2) (quoting DE 1).  The Magistrate Judge issued an arrest warrant that same day (DE 2) and, when Defendant failed to appear, I Ordered the Clerk of Court to remove Defendant's case from the Court's Pending Case List and to place Defendant on the Clerk's Fugitive Case List (DE 3).  Defendant represents that, at the time the indictment was

issued, Defendant was living in his home country of Saudi Arabia, a non-extradition country. (DE 13 at 5). He has remained in Saudi Arabia since that time.

Until last year, this case has remained stagnant. Defendant continued to live in Saudi Arabia, and his arrest warrant remains outstanding. On November 16, 2015, Defendant filed the instant Motion, seeking leave for Counsel to specially appear to seek dismissal of the Indictment. (DE 13). The Motion is fully briefed.

## II.    Discussion

Defendant requests leave for a special appearance to challenge the indictment. (DE 13 at 4). In response, the Government contends that, based on the fugitive disentitlement doctrine, Defendant is barred from challenging the indictment until Defendant personally appears. (DE 14 at 2-5).

"The fugitive disentitlement doctrine limits access to courts by a fugitive who has fled a criminal conviction in a court in the United States." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998). The fugitive disentitlement doctrine was first applied in 1876, when the Supreme Court "declined to entertain the petition of a criminal defendant who had escaped and remained at large when his petition arose before the Court." *Pesin v. Rodriguez*, 244 F.3d 1250, 1252 (11th Cir. 2001) (citing *Smith v. United States*, 94 U.S. 97 (1876)). Since that time, "the fugitive disentitlement doctrine has been applied at both the trial and appellate level[.]" *Pesin v. Rodriguez*, 244 F.3d 1250, 1252 (11th Cir. 2001).

The fugitive disentitlement doctrine is not jurisdictional in nature. Rather, it is based in equity "and rests upon the power of the courts to administer the federal courts system." *Id.* "The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if

2

the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998).  Under the fugitive disentitlement doctrine, if a court finds the defendant to be a fugitive, it has "great latitude" to dismiss a defendant's appeal or—as in this case—deny a defendant's motion. *See Lynn v. United States*, 365 F.3d 1225, 1241 n.29 (11th Cir. 2004).

Defendant first argues the doctrine is inapplicable because he is not a fugitive.  Defendant contends he "was living abroad, in Saudi Arabia, when he learned of the indictment, and made no effort to flee the jurisdiction." (DE 13 at 5).  In support of his argument, Defendant cites *In re Hijaz*, where the Seventh Circuit upheld a district court's decision declining to apply the fugitive disentitlement doctrine.  589 F.3d 401, 412 (7th Cir. 2009).  There, the defendant had never visited Illinois—the jurisdiction in which he was indicted—and owned no property in the United States. *Id.*  In determining the doctrine did not apply, the Seventh Circuit found the defendant did not "flee from the jurisdiction or from any restraints placed upon him." *Id.*  In Response, the Government contends Defendant is a fugitive because he constructively fled the jurisdiction— Defendant knew of the pending charge but failed to surrender himself to the authorities. (DE 14 at 3).[1]  Defendant replies that the Government ignores *In re Hijaz* as well as "precedent from the Eleventh Circuit holding that the doctrine applies to fugitives from justice, i.e. a person who 'having committed a crime, flees from the jurisdiction of the court where a crime was committed or departs from his usual place of abode and conceals himself within the district.'" (DE 15 at 2) (citing *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997)).

---

[1] In its Response, the Government relies on several cases for its argument.  One of the cases on which the Government relies is miscited as an Eleventh Circuit Case. *See* (DE 14 at 3); *United States v. Catino*, 735 F.2d 718 (2d Cir. 1984).

Although the Eleventh Circuit generally describes the doctrine as applying to a person who "flees" the jurisdiction, the Eleventh Circuit also recognizes "constructive flight" as sufficient under the fugitive disentitlement doctrine. *See Barnette*, 129 F.3d at 1184. When applying the fugitive disentitlement doctrine, "[t]he defendant need not leave the jurisdiction, but—while legally outside the jurisdiction—may constructively flee by deciding not to return." *Id*. Further, Defendant's reliance on *In re Hijaz* is misplaced. In *In re Hijaz*, the defendant had never been to Illinois. The Seventh Circuit therefore did not address the issue of constructive flight based on a defendant deciding not to return because the defendant, in that case, had never left. Here, Defendant lived in the Southern District prior to leaving for Saudi Arabia. (DE 13 at 2). Defendant has knowledge of the charge—he retained counsel to challenge the indictment—and he has not returned: he has constructively fled. Thus, I find Defendant is properly considered a fugitive.

Defendant next argues that even if the fugitive disentitlement doctrine applies, I should nevertheless exercise my discretion to allow a special appearance. Even assuming it is within my discretion to decline to apply the doctrine, I am not inclined to do so here. Based on the rationales the Eleventh Circuit articulated in *Magluta* for the doctrine—Defendant's unwillingness to submit to the Court's authority, the inequity of allowing Defendant to challenge the indictment without having to submit to it should I deny his Motion, and the need to avoid prejudice against the Government—I do not find a special appearance appropriate. *See Magluta*, 162 F.3d at 664.

Finally, Defendant argues that the fugitive label "may have negative connotations"[2] and thus warrants due process before it is invoked. (DE 13 at 8). Defendant argues that the fugitive

---

[2] Defendant notes, for example, that "he is perceived as a fugitive by all 190 countries

designation in this case occurred without any determination that Defendant "intended to, or did, flee" the jurisdiction. (DE 13 at 12). No determination is necessary. As previously stated, the Eleventh Circuit recognizes constructive flight. Here, Defendant's failure to surrender himself to the authorities is sufficient basis to determine that he is a fugitive. Accordingly, it is hereby

      **ORDERED AND ADJUDGED** that Defendant's Motion for Counsel to Specially Appear to Seek Dismissal of the Indictment (DE 13) is **DENIED WITHOUT PREJUDICE**.[3]

      **DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this _25_ day of January, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record

---

participating in INTERPOL, and is unable to travel internationally due to concerns of being detained." (*Id.* at 10).
[3] The Court will consider a challenge to the indictment once Defendant surrenders himself to the authorities.

5